UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CURTIS D. TEETER** | : | **CIVIL ACTION NO. 13-cv-2932** |
|     **FED. REG. #18695-045** | | |
| | : | |
| **VERSUS** | | **JUDGE TRIMBLE** |
| | : | |
| **JOSEPH P. YOUNG** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se habeas corpus* petition filed pursuant to 28 U.S.C. § 2241 by petitioner Curtis Dane Teeter. Petitioner is an inmate in the custody of the Federal Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Corrections Institute, Oakdale, Louisiana ("FCIO"). Petitioner names C. Maiorana as defendant.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

*Background*

On November 7, 2007, petitioner was convicted in the United States District Court for the Western District of Missouri of possession of an explosive by an unlawful user of a controlled substance; making a false statement in the acquisition of a firearm; and being an unlawful user of a controlled substance in possession of a firearm. On the same day he was sentenced in the Western District of Missouri to 120 months incarceration for each of the three counts to run consecutively, for a total of 360 months imprisonment. Doc. 1, pp. 1, 2. He appealed his conviction to the United States Court of Appeal for the Eighth Circuit and it was affirmed on April 6, 2009. Doc. 1, p. 2, *U.S. v. Teeter,* 561 F.3d 768 (8thCir. 2009).

On May 7, 2010, petitioner filed a *habeas corpus* petition pursuant to 28 U.S.C. § 2255 in the Western District of Missouri which was denied on August 4, 2010. Doc. 1, pp. 2, 3.

On October 24, 2013, petitioner filed the current *habeas corpus* petition pursuant to 28 U.S.C. § 2241 which raises the following claims: ineffective assistance of counsel, insufficient indictment, unlawful search, cruel and unusual punishment, and illegal execution of unconstitutional sentencing guidelines. Doc. 6, p. 3.

*Law and Analysis*

Habeas corpus petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here, petitioner collaterally attacks his incarceration arguing errors with regard to his federal conviction and challenges the sentence imposed, not the execution of his sentence. Therefore, his claim should be advanced in a § 2255 motion to vacate.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of habeas corpus pursuant to § 2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

-3-

Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.*

Petitioner does not satisfy the criteria set forth above. Petitioner argues that in light of the Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *United States v. Booker*, 543 U.S. 220 (2005), and *Alleyne v. United States,* ––– U.S. ––––, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), his conviction is void because sentence enhancements were not included in his indictment. However, petitioner does not establish that any claim is based on a retroactively applicable Supreme Court decision. Contrary to petitioner's contentions, there is no indication in *Alleyne*, the only case decided subsequent to petitioner's conviction, that the Supreme Court made its holding retroactive to cases on collateral review.

The Supreme Court has clearly stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). Further, the Fifth Circuit Court of Appeal addressed this argument in *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) noting that "*Alleyne* is a direct criminal appeal…and therefore did not involve a retroactive application of a rule on collateral review." The Fifth Circuit also noted that the Supreme Court did not declare that *Alleyne* applies retroactively on collateral review. *Id.*

### *Conclusion*

Since petitioner has not met the savings clause requirements, his claims are not properly brought under section 2241, and this court lacks jurisdiction to consider his claims under section

2255. In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause.

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 25th day of August, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE